THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-00246

| | |
|---|---|
| Trish Vavrina, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Parks Heating and Cooling, )<br>)<br>Defendant. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on its own motion. For reasons explained below, Plaintiff's Complaint is **DISMISSED**.

### I. Background

Plaintiff Trish Vavrina (Vavrina) alleges that Defendant Parks Heating and Cooling (Parks) damaged Plaintiff's home when installing a new heat pump. Specifically, Plaintiff alleges that Parks installed a heating pump that caused an electrical amp up, which cracked the foundation, magnetized the furniture, cracked the patio, and damaged the refrigerator. Plaintiff also alleges that Parks caused various other electrical problems in her home.

Vavrina also makes a slew of allegations about conduct by non-parties. Plaintiff alleges her home caught on fire in 2009, and the Fire Marshall advised her insurance company not to pay her claim. Plaintiff does not allege in any way that Parks caused the fire. Vavrina also alleges the Charlotte Police department refused to file a police report, and the Gilead Fire Department intimidated prospective home buyers by parking across the street on the day of her home showing. Plaintiff also claims that she lost her opportunity to vote or run in the November 2009 elections because she lost her home.

Plaintiff originally filed her complaint in the U.S. District Court for the Northern District of Ohio, and venue was properly transferred to this Court. 28 U.S.C. § 1406(a). Vavrina alleges this Court has subject-matter jurisdiction under 42 U.S.C. § 1985(2), § 1985(3), and 18 U.S.C. § 1513.

II.     Discussion

District courts have limited jurisdiction and possess only that power authorized by Constitution and statute. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Section 1985(2) speaks to conspiracies to intimidate, threaten, or deter any party or witness in any court. 42 U.S.C. § 1985(2). To allege a cause of action under Section 1985(3), a plaintiff must make a plausible factual allegation as to each of the following essential elements: (1) conspiracy of two or more persons; (2) who are motivated by a specific class-based, invidiously discriminatory animus to; (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all; (4) and which results in injury to plaintiff as; (5) a consequence of an overt act committed by defendants in connection with the conspiracy. *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). Title 18 U.S.C. § 1513 is a criminal code.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1193 (2010). If this Court does not have subject-matter jurisdiction, then the claim must be dismissed.

Plaintiff's complaint does not establish a cause of action under § 1985(2), § 1985(3), or 18 U.S.C. § 1513; thus, this Court does not have subject-matter jurisdiction. First, under § 1985(2), Plaintiff does not allege that Defendant intimidated a party or witness. At most,

Vavrina briefly alleges the Gilead Fire Department intimidated her prospective homebuyers. The Gilead Fire Department is not a party to this litigation. Second, Plaintiff has not established the five elements of a § 1985(3) claim. Plaintiff does not allege Parks conspired with another party or was motivated by a specific class based animus; therefore, Plaintiff cannot establish a § 1985(3) claim. Third, 18 U.S.C. § 1513 is a criminal statute that does not provide a civil cause of action. Plaintiff has failed to establish any federal question of law under § 1985(2), § 1985(3), or 18 U.S.C. § 1513. Thus, this Court lacks subject-matter jurisdiction, and Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED.**

Signed: June 4, 2010

Graham C. Mullen
United States District Judge